**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Muhammad, | No. CV 06-1417-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona; Greyhound Bus Lines, | |
| Defendants. | |

Pending before the Court are the following motions: (1) Defendant State of Arizona's Motion to Dismiss (Doc. # 8); (2) Defendant Greyhound's Motion to Dismiss Plaintiff's Complaint (Doc. # 16); (3) Defendant State of Arizona's Motion to Dismiss Plaintiff's Amendment to Complaint (Doc. # 21); (4) Plaintiff's Motion Not to Dismiss Case (Doc. # 26); (5) Defendant State of Arizona's Motion to Dismiss Pursuant to F.R.C.P. Rule 41(b) (Doc. # 29); (6) Defendant Greyhound Bus Lines Inc.'s Motion to Dismiss Pursuant to F.R.C.P. Rule 41(b) (Doc. # 30); and (7) Plaintiff's Motion for Interrogatories (Doc. # 31).

**I.     Background**

On June 1, 2006, Plaintiff filed a Complaint against the State of Arizona and Greyhound Bus Lines, Inc.  (Doc. # 1).  In response to the Complaint, both the State of Arizona and Greyhound filed motions to dismiss.  (Docs. ## 8 and 16).  Because Plaintiff failed to respond to the motions to dismiss, the Court, on November 15, 2006, ordered Plaintiff to respond to each motion by December 8, 2006. (Doc. # 18).  Instead of responding

to the motions to dismiss, Plaintiff filed two documents each entitled "Complaint for Conspiracy." (Docs. ## 19 and 20).  In response thereto, the State of Arizona, believing that the two "Complaint for Conspiracy" documents were an attempt to amend Plaintiff's original Complaint, filed a motion to dismiss.  (Doc. # 21).  Thereafter, in light of Plaintiff's failure to respond to the motions to dismiss, both the State of Arizona and Greyhound filed motions for summary disposition.  (Docs. ## 22 and 23).

On February 26, 2007, the Court denied the motions for summary disposition and ordered Plaintiff to respond to the pending motions to dismiss by March 19, 2007.  (Doc. # 25).  The Court further provided that, in the absence of a response, the State of Arizona and Greyhound could each move to dismiss for failure to prosecute and for failure to comply with the Court's Order.  On March 5, 2007, Plaintiff filed a Motion Not to Dismiss, in which he references the pending motions to dismiss and states that he has stated a claim for which relief can be granted, i.e., disparate treatment based on race in a place of public accommodation.  (Doc. # 26).  Thereafter, both the State of Arizona and Greyhound, construing Plaintiff's Motion Not to Dismiss as being unresponsive to the pending motions to dismiss, filed motions to dismiss for the failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  (Docs. ## 29 and 30).[1]  Finally, on April 17, 2007, Plaintiff filed a motion for interrogatories.  (Doc. # 31).

**II.    Discussion**

In their original motions to dismiss (Docs. ## 8 and 16), the State of Arizona and Greyhound argue, in part, that Plaintiff's Complaint violates Rule 8(a) of the Federal Rules of Civil Procedure and that dismissal is proper under Rule 12(b)(6).  The Court agrees.

A review of Plaintiff's Complaint reveals a collection of allegations that are confusing, unorganized and unintelligible.  For example, Plaintiff's Complaint appears to be entitled:

---

[1]The Court will construe Plaintiff's Motion Not to Dismiss as a response to the motions to dismiss and, accordingly, will deny Defendants' motions to dismiss for failure to prosecute.

Complaint, Code Fed. Rule 11 and 7, of professional responsibility violated: DR 1-102(A)(4); DR 1-1-2(A)(5), DR 7-102(A)(5); with conspiracy to commit perjury and perjury in violation of 18 U.S.C. 1621, 1622. Violation of the Interstate Commerce Act, 49 U.S.C.A. 3(1), 316(D) deprivation of constitutional rights, 42 U.S.C.A. 1983; and Civil Rights Act of 1964 203(c), 42 U.S.C.A. 2000A-2(c), U.S.C.A. Const. Art. 6, Title VII Violatetion (sic) Fed. Rules Civ. Proc. Rule 50(B) 28 U.S.C.A. N.O.V CRD No. 05-3504 42 U.S.C. 3617 housing or HUD.

Thereafter, Plaintiff states:

Conspiracy = chargles (sic) in the State of Arizona, wich (sic) work with the Greyhound Lines Inc. against me Donald Muhammad. State work against me on housing fighting over my name last name (sic) Muhammad. The State worked against me Donald Muhammad on my file, no. 05-3504 to take out my file evedence (sic) to try not to give me justice. And these are the ones who are the most violators of professional responsibility.

Plaintiff then recites a list of individuals allegedly involved in the violation of his rights. For example, Plaintiff identifies Mr. Steven Scott as:

Another black male who work (sic) for injustice of the AZ. Atty. Gen. Office who have taken peases (sic) of pages out of my file 05-3504 on the oders (sic) of his boss Ms. Mary Swan or Ms. Swan this was done on the 5-19-2006 and 5-23-2006 just call them up and you will see. I welcome anybody to see this file 05-3504. P.S. Pleas (sic) put everything back in my file ☺

From Plaintiff's Complaint, the Court is unable to discern the nature of the claims asserted against the Defendants or the specific factual bases for any such claims. As for Plaintiff's citations to various statutes, Plaintiff fails to indicate which of the Defendants violated the respective statutes and fails to indicate the factual support for the alleged violations. While Plaintiff's Motion Not to Dismiss and the Complaints for Conspiracy contain a bit more detail concerning the claims against the Defendants, the Court finds that none of those documents sufficiently clarify the claims against the Defendants. Further, as discussed below, the Court will order the Complaints for Conspiracy stricken from the record. Accordingly, the Court will dismiss Plaintiff's Complaint under Rule 12(b)(6) for

1    failure to state a claim upon which relief can be granted.[2]  However, the Court will allow

2    Plaintiff 10 days to file an amended complaint to correct the deficiencies in his Complaint.

3    **However, Plaintiff is instructed that the amended complaint must comply with Rule**

4    **8(a) by plainly setting forth the claims against each Defendant, including plainly setting**

5    **forth the legal and factual bases of each claim.  Further, the first paragraph of the**

6    **amended complaint must plainly set forth the jurisdictional bases supporting the**

7    **Court's subject matter jurisdiction over any claims asserted against the Defendants.**

8    **If the first paragraph of the amended complaint fails to plainly set forth the bases of**

9    **subject matter jurisdiction, then the Court will dismiss the amended complaint.**

10   Regarding Defendant State of Arizona's Motion to Dismiss Plaintiff's Amendment to

11   Complaint (Doc. # 21), which seeks dismissal of Plaintiff's Complaints for Conspiracy, the

12   Court will strike the Complaints for Conspiracy because Plaintiff failed to seek leave of court

13   or consent of the Defendants before filing what the Court construes as amendments to the

14   Complaint.  *See* Fed. R. Civ. P. 15(a).  Accordingly, the Court will deny as moot the State

15   of Arizona's motion to dismiss Plaintiff's amendment.

16   Regarding Plaintiff's Motion Not to Dismiss Case (Doc. # 26), the Court already has

17   determined that dismissal of the Complaint is appropriate under Rule 12(b)(6) of the Federal

18   Rules of Civil Procedure.  Accordingly, Plaintiff's Motion Not to Dismiss will be denied.

19   Regarding Defendant State of Arizona's Motion to Dismiss Pursuant to F.R.C.P. Rule

20   41(b) (Doc. # 29) and Defendant Greyhound Bus Lines Inc.'s Motion to Dismiss Pursuant

21   to F.R.C.P. Rule 41(b) (Doc. # 30), the Court construes Plaintiff's Motion Not to Dismiss as

22   a response to the original motions to dismiss.  Accordingly, the Court will deny the motions

23

24   [2]Because the Court cannot determine what specific claims are being asserted against

25   the State of Arizona, the Court, at this time, cannot grant the State of Arizona's motion to
dismiss on the ground that the Eleventh Amendment bars the lawsuit against it.  Further, the

26   Court rejects Greyhound's *res judicata* argument because the prior judgment of dismissal was
not on the merits.  *See* CV 06-1057-PHX-RCB, Doc. # 16.  Instead, the prior judgment of

27   dismissal was based only on insufficiency of service of process.  *Id.*

28                                      - 4 -

1   to dismiss for failure to prosecute.

2       Finally, regarding Plaintiff's Motion for Interrogatories (Doc. # 31), the Court is

3   unable to determine what, if any, relief Plaintiff is seeking.  Accordingly, the Court will deny

4   Plaintiff's Motion for Interrogatories.  Similarly, the Court is unable to determine what relief,

5   if any, Plaintiff is seeking in the document entitled, in part, "TO ENTER AN ORDER" (Doc.

6   # 35), which was filed on June 11, 2007.  Accordingly, to the extent the document filed on

7   June 11, 2007, (Doc. # 35) seeks some relief, it is denied.

8       For the foregoing reasons,

9       **IT IS ORDERED** that Defendant State of Arizona's Motion to Dismiss (Doc. # 8) is

10  GRANTED in part and DENIED in part consistent with the above opinion;

11      **IT IS FURTHER ORDERED** that Defendant Greyhound's Motion to Dismiss

12  Plaintiff's Complaint (Doc. # 16) is GRANTED in part and DENIED in part consistent with

13  the above opinion;

14      **IT IS FURTHER ORDERED** that the Clerk of Court shall strike from the record

15  Plaintiff's Complaint of Conspiracy (Doc. # 19) and Complaint of Conspiracy (Doc. # 20);

16      **IT IS FURTHER ORDERED** that Defendant State of Arizona's Motion to Dismiss

17  Plaintiff's Amendment to Complaint (Doc. # 21) is DENIED as moot;

18      **IT IS FURTHER ORDERED** that Plaintiff's Motion Not to Dismiss Case (Doc. #

19  26) is DENIED;

20      **IT IS FURTHER ORDERED** that Defendant State of Arizona's Motion to Dismiss

21  Pursuant to F.R.C.P. Rule 41(b) (Doc. # 29) is DENIED;

22      **IT IS FURTHER ORDERED** that Defendant Greyhound Bus Lines Inc.'s Motion

23  to Dismiss Pursuant to F.R.C.P. Rule 41(b) (Doc. # 30) is DENIED;

24      **IT IS FURTHER ORDERED** that Plaintiff's Motion for Interrogatories (Doc. # 31)

25  is DENIED;

26      **IT IS FURTHER ORDERED** that Plaintiff's document entitled, in part, "TO ENTER

27  AN ORDER" (Doc. # 35) is DENIED;

28

1    **IT IS FURTHER ORDERED** that Plaintiff shall file, if at all, an amended complaint

2    within 10 days of this Order.

3    DATED this 14th day of June, 2007.

4

5

6    _____
      James A. Teilborg
7      United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28