**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Muhammad, ) | No. CV 06-1417-PHX-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| State of Arizona; Greyhound Bus Lines, ) | |
| Defendants. ) | |

On June 14, 2007, the Court issued an Order dismissing Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for the failure to state a claim upon which relief can be granted. The Court provided Plaintiff ten days to file an amended complaint. In so doing, the Court admonished Plaintiff that any amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure by plainly setting forth the claims against each Defendant and the bases of the Court's subject matter jurisdiction. The Court further admonished Plaintiff that his failure to plainly set forth the bases of subject matter jurisdiction would result in the dismissal of the amended complaint.

On June 20, 2007, Plaintiff filed an Amended Complaint (Doc. # 37) stating:

> The State of Arizona treated Ms. Gaschler of Greyhound Lines, Inc. differently! With out (sic) a sworn oath statements 1-13-2005, 6-24-2005, at least to the Court, or this court CV 06-1417-PHX-JAT. This interviwes (sic) of 1-13-2005 and 6-24-2005, of Ms. Jennifer Gaschler when I ask was this or those interviwes (sic) under sworn oaths statements, neather (sic) the state or Greyhound Lines, Inc. Would answer this court, I would like

> this answer in the interrogatorie (sic) sworn oath statements pleas (sic). Answer to Rule 8 and 12(b)(6). Rule § 8 and 8(a) claims for relief, form or forms. A.R.S. § 12-821.01 Tony Wilbur. Rule 12(b)(1). The jurisdiction - risk management 100 N. 15th Ave. Suite 301 PHX, AZ. 85007. Thair (sic) 60 days investigation or more, should at least known that this was deforemation (sic)? § 1983, 1985(3) 1986 and or 42 U.S.C.A. § 3617.
>
> P.S. I was under a sworn oath on 28 day of Dec, 2004, Ms. Jesse L. Cuilty I think, this is how you spell her name. Where is her's Ms. Jennifer Gaschler under oath statement 1-13-2005, 6-24-2005? See differently treated her. Wich (sic) you say or your report says no sworn oath dilling (sic) whit (sic) Ms. Jennifer Gaschler, then this should be deforemation (sic). Sents 10-28-2005 affadavet (sic) sworn oath stamtments (sic).

In *Kennedy v. Andrews*, 2005 WL 3358295 (D. Ariz. 2005), the court dismissed an in forma pauperis plaintiff's complaint that the court found to be "44 pages of disconnected facts and narratives, legal phrases, vituperation, innumerable state and federal statutory citations, and requests for expansive and obscure relief." *Kennedy*, 2005 WL 3358295, * 1. In dismissing the complaint, the *Kennedy* court considered the obligations imposed upon it by 28 U.S.C. § 1915(e)(2), stating:

> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.
>
> "[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them."

> *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

*Id*. at * 2. The *Kennedy* court further considered the requirements of Rule 8 of the Federal Rules of Civil Procedure, stating:

> A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed.R.Civ.P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

*Id*.

Under *Kennedy*, the Court finds that Plaintiff's Amended Complaint again fails to state a claim upon which relief can be granted. The Amended Complaint fails to plainly set forth the claims against each Defendant, including plainly setting forth the legal and factual bases of each claim. The Amended Complaint also fails to plainly set forth the jurisdictional bases supporting the Court's subject matter jurisdiction over any claims sought to be asserted. In sum, the nonsensical nature of the Amended Complaint renders Defendants' framing of a responsive pleading impossible. Accordingly, following *Kennedy*, the Court will dismiss Plaintiff's Amended Complaint without prejudice. Plaintiff will be given an additional ten days within which to file a second amended complaint. If Plaintiff elects to file a second amended complaint, Plaintiff must allege as to each defendant a short and plain statement of the claim or claims showing that he is entitled to relief. Plaintiff also must plainly set forth the jurisdictional bases supporting the Court's subject matter jurisdiction over any claims sought to be asserted. **If Plaintiff again fails to comply with Rule 8, and thereby fails to state a claim upon which relief can be granted, the Court will dismiss, pursuant to Rule**

1 **8 and 28 U.S.C. § 1915(e)(2), the second amended complaint without leave to further
2 amend.** Plaintiff is directed to Rule 84 of the Federal Rules of Civil Procedure, which refers
3 to samples in an Appendix of Forms "intended to indicate the simplicity and brevity of
4 statement which the rules contemplate."

    For the foregoing reasons,

    **IT IS ORDERED** that Plaintiff's Amended Complaint (Doc. # 37) is dismissed without prejudice;

    **IT IS FURTHER ORDERED** that Plaintiff may file a second amended complaint within ten days of this Order;

    **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. # 38) is DENIED in part and GRANTED in part consistent with this Order.

    DATED this 26th day of June, 2007.

James A. Teilborg
United States District Judge