**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Donald Muhammad,              )<br>                        Plaintiff,   )<br>                                          )<br>vs.                                      )<br>                                          )<br>State of Arizona; Greyhound Bus Lines, )<br>                                          )<br>                        Defendants.  )<br>_____ ) | No. CV 06-1417-PHX-JAT<br><br>**ORDER** |

    Pending before the Court is Defendant Greyhound Lines, Inc.'s Motion to Dismiss for Failure to Comply with Court's Order and Rule 8, Fed.R.Civ.P. (Doc. # 41).

    On June 14, 2007, the Court issued an Order dismissing Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for the failure to state a claim upon which relief can be granted. The Court provided Plaintiff ten days to file an amended complaint. In so doing, the Court admonished Plaintiff that any amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure by plainly setting forth the claims against each Defendant and the bases of the Court's subject matter jurisdiction. The Court further admonished Plaintiff that his failure to plainly set forth the bases of subject matter jurisdiction would result in the dismissal of the amended complaint.

1   On June 20, 2007, Plaintiff filed an Amended Complaint (Doc. # 37). On June 28, 2007, the Court issued an Order dismissing Plaintiff's Amended Complaint for again failing to state a claim upon which relief can be granted. However, the Court provided Plaintiff an additional ten days within which to file a second amended complaint. In so doing, the Court instructed Plaintiff that any second amended complaint must allege as to each defendant a short and plain statement of the claim or claims showing entitlement to relief. The Court also instructed Plaintiff that any second amended complaint must plainly set forth the jurisdictional bases supporting the Court's subject matter jurisdiction over any claims sought to be asserted. Thereafter, the Court warned Plaintiff that another failure to comply with Rule 8 would result in the dismissal of the second amended complaint without leave to further amend.

On July 3, 2007, Plaintiff filed his Second Amended Complaint (Doc. # 40). Like the prior two complaints, the Second Amended Complaint fails to state any claims upon which relief can be granted. First, as against Greyhound Lines, Inc., Plaintiff alleges that he was removed from Greyhound's terminal facilities despite having a valid ticket and was then charged with criminal trespass. Although *pro se* pleadings are to be liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), this brief and conclusory statement is insufficient to establish a claim against Greyhound upon which relief can be granted. Second, as against the State of Arizona, Plaintiff's claim appears to recount some dealings regarding housing between Plaintiff and a State of Arizona employee:

> State of Arizona = you said or your report stated = M3 no reasonable cause. Atty:Gen. On the official closure date: <u>1-13-06</u>, date submitted to CM: <u>11-9-05</u>, date of approval: <u>11-10-05</u> maybe it was the month of November-10-2005, it's hard to make this month out. And you put the same person who was assingd (sic), to my housing case and he Tony Wilber is in agreement disparate treatment base (sic) on race in a place of public accomodation (sic) - and my housing. State of Arizona - Base (sic) upon its investigation, the civil rights divison (sic) has concluded that the information obtained is not sufficient to establish violations of the statute(s) = 13-1502. A1 Class 3 misdemeanor.

These allegations are patently incomprehensible and fail to establish a claim against the State of Arizona upon which relief can be granted. Finally, that Plaintiff's Second Amended Complaint fails to establish any claim upon which relief can be granted is further highlighted in Plaintiff's August 1, 2007, filing (Doc. # 42). In that filing, Plaintiff states:

> I Donald Muhammad belived (sic) that James A. Teilborg was interfer (sic) by other to do right by the law 28 U.S.C.A. § 1443(1)(2). I also belived (sic) that bribery, and coercion = or intimidation of other judges and lawyers was under Paul K. Charlton and his crew Ronald R. Gallegos and Terry Goddard and his crew. And Senior Judge Robert C. Bloomfild or Broomfild (sic) = of bribery and blocking out or with the Atty: Gen to block out sworn statements. One day we will dill (sic) with this injustice 28 U.S.C.A. § 1443(1)(2).
>
> Please respon (sic) in the interrogatories Rule 12(b)(E), what was Greyhound doing at the housing on June-29-2005.
>
> Presedent (sic) George W. Bush these officer of the govement (sic) like, Atty Gen: Paul K. Charlton Atty:Gen Terry Goddard and Judge Robert C. Bloom or Broomfild (sic) Senior Judge = and thair (sic) partners the canad (sic) govement (sic) which own or licened (sic) laid law who owns Greyhound Lines, Inc. They are interference (sic) in or to control the American govement (sic) thur (sic) these peoples.

Accordingly, the Court, pursuant to Rule 8 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2), will dismiss Plaintiff's Second Amended Complaint. Because Plaintiff has twice failed to state a claim upon which relief can be granted, despite the Court's warning that a second failure would result in dismissal without leave to further amend, the Court will dismiss the Second Amended Complaint without leave to amend.[1]

**IT IS ORDERED** that Defendant Greyhound Lines, Inc.'s Motion to Dismiss for Failure to Comply with Court's Order and Rule 8, Fed.R.Civ.P. (Doc. # 41) is GRANTED;

**IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint is dismissed, with prejudice, for the reasons stated herein and the Clerk of the Court shall enter

---

[1] While the State of Arizona has not moved to dismiss Plaintiff's Second Amended Complaint, the Court, under 28 U.S.C. § 1915(e)(2), nonetheless has the authority to dismiss the complaint as against the State of Arizona as well.

1  judgment accordingly.

2  DATED this 4th day of September, 2007.

```
                              _____
                                    James A. Teilborg
                                 United States District Judge
```